made in the location of the pipe and the cost of same ascertained and paid.

Having found that no cause of action ever arose, we do not deem it necessary to determine this question. From such consideration as we have given the matter we are inclined to think that the action is barred.

For the reasons stated the judgment of the court below is reversed, and the judgment which that court should have rendered will be entered here.

**Jones, O. B.** and **Gorman, JJ.**, concur.

---

## ELECTION—PLEADING—WILLS.

[Hamilton (1st) Court of Appeals, June 5, 1916.]

Jones, Jones and Gorman, JJ.

WILLIAM S. GRAFT, ET AL. v. OWEN N. KINNEY, EXR. ET AL.

**Filing Supplemental petition in Will Contest Setting up Contract of Settlement Without Contest no Election is Required.**

> Where an action has been brought contesting the validity of a will, and in a supplemental petition a contract of settlement is set up which gave the plaintiffs a specified amount in consideration of their permitting a consent verdict to be taken sustaining the will, which sum of money promised in settlement has not been paid them, it is error to require plaintiffs to elect upon which cause of action they will proceed, it being their right to seek relief on the supplemental petition, and failing in that to try the issue as at first made up as to the validity of the will.

ERROR.

*Culla Smith* and *Andrews & Andrews*, for plaintiffs in error.

*George B. Goodhart, Matthews & Klein* and *Black, Swing & Black*, for defendants.

## JONES, E. H., J.

Plaintiffs began their action in the court below to contest the validity of the will of James A. Graft. After the issues were made up, the plaintiffs by leave filed a supplemental petition, alleging a contract of settlement according to the terms of which they were to receive from the contestees the sum of $1000. Upon receipt of said sum, it is averred that contestants were to consent to a verdict sustaining the will. It is then averred that contestees failed and refused to pay the money, and judgment for said sum is asked.

When the case came on for trial defendants moved the court to require plaintiffs to elect whether they would proceed upon the original petition, or upon the supplemental petition. Over the objection of defendants this motion was sustained, and thereupon defendants elected to try the issues made by the supplemental petition and answer thereto, and the original petition was by order of court dismissed. To all of which plaintiffs at the time excepted.

The claim of the plaintiffs in error is that they had the right in the court below "to first try the question on the supplemental petition, and thereafter, the right to try the question on the original petition if they failed to obtain relief on the suplemental petition."

The question thus raised is not free from difficulty. The authorities to which we are referred do not decide the precise question here presented. It seems that the matters set up in the supplemental petition could have been made the subject of an independent action if the pleader had so chosen. The course pursued, however, seems more in accord with our practice and with the spirit of the code which discourages multiplicity of actions.

If the supplemental matter had been made the basis for a new action, we can not see that the trial of one would necessarily require the dismissal of the other. On the contrary, we are of the opinion that both actions could well remain on the docket, with the right to relief in one only. At plaintiff's election, the last case could and ought to be tried first. If the relief therein sought is obtained, the other case is no longer maintain-

Graft v. Kinney.

able. If, however, it is denied, the first case involving the validity of the will can proceed to final determination.

This hypothetical case, it seems to us, clarifies the situation. and if correctly reasoned leaves little doubt about the question under consideration. Plaintiffs should not be penalized for uniting the different grounds in one proceeding. They should be and are entitled to at least as much choice of procedure in the consolidated action as they would have were two actions pending.

From these considerations we have reached the conclusion that it was error to dismiss the original petition, and that having failed to get relief on the supplemental petition the plaintiffs have the right to try the issue as first made up.

There are no other errors.

Judgment reversed and cause remanded for reinstatement on the docket of the court of common pleas.

**Jones, O. B., J.,** concurs.

**Gorman, J.,** dissenting.

I am unable to concur with my brethren in the conclusion reached in this case.

It appears to me that the supplemental petition sets out a cause of action inconsistent with the cause of action set out in the petition to contest the will. If a recovery could be had upon the supplemental petition certainly no action could be further prosecuted by the parties who recovered this judgment to set aside or have the will contested. And if the plaintiffs who seek to have the will set aside should proceed to the trial of the cause and a verdict and judgment should be rendered, there could be no action prosecuted upon the supplemental petition.

I am, therefore, clearly of the opinion that it was a case in which the supplemental petition set up a cause of action inconsistent with the cause of action set out in the petition, and the plaintiffs could not prosecute both these actions. The trial court was therefore not only warranted, but required, to compel an election in this case. Plaintiffs having elected to stand upon the supplemental petition, the fact that they failed to establish their case does not entitle them to now rescind that election and prosecute the action to contest the will.